[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover a claimed balance due and for extra work performed under a contract for the construction of a road in Heath Hill Subdivision, Barkhamsted, dated June 2, 1988. Trial took place before this court on March 31, April 6, 7 and 12, 1944.
Plaintiff contractor claims he is owed $11,565.82 as the balance due under the contract and $11,514.56 for extra work, plus interest at the rate of 1 1/2% per month plus costs of collection. Defendants admit they owe $11,321 under the contract, denies any liability for extra work and CT Page 6189 counterclaims for sums and labor they claim to have expended in order to complete work required to be performed by Plaintiff under the contract.
It is undisputed that Defendants owe $11,321 under the contract and that they tendered payment of this amount by check dated May 31, 1989, which contained the notation "paid in full" and was not cashed by Plaintiff.
It is also undisputed that the rough road constructed by Plaintiff at the time a cement truck was permitted to use it was unstable between station 1 + 0 and station 3 + 0 as a result of excessive wetness in the subsurface which caused a cement truck to become mired and the road to become damaged.
The principal dispute in this case centers on the cause of the wetness, the plaintiff claiming that the basic ground condition caused the wetness through "capillary action" and the defendants claiming that the wetness resulted from the wetness of the applied fill, which had been excavated from the nearby sedimentation basin area and used without sufficient compaction. The corrective plan (Exhibit C) prepared by the engineer on July 17, 1988, required removal of the fill used between these two stations and the installation of a bottom layer of gravel topped by blasted rock and then by more gravel. This plan sheds no light on the cause of the prior unstable condition.
There was conflicting testimony as to the cause of the instability in the road.
The expert witness for the Plaintiff, Mr. Batson, testified that the instability in the road was due to capillary action arising from the basic ground condition and felt the fill used was suitable but conceded that as town inspector, he was not on the site for sufficient periods of time to check the wetness of the fill as it was being excavated and then applied. Mr. Buck a civil engineer testifying for the defendants admittedly did not see the actual site but opined that since this was in part a "wetlands" area and the contact did not specify the source of the fill to be used in the road, that it was the plaintiff's responsibility to provide suitable fill for this area which would consist of at least eighteen inches of free flowing material like gravel. He further testified that wet fill CT Page 6190 material could not be sufficiently compacted to provide a stable road surface. A second expert witness for the defendants, Carl Guario, an excavating contractor, also without having observed the actual site, gave his opinion that the instability in the road was caused by the wetness in the fill and that capillary action could not take place through four layers of suitable fill properly compacted.
We conclude that Plaintiff has not sustained his burden of showing that the corrective work he performed was the result of an existing condition in the ground rather than a result of using unsuitable fill or the failure to compact the fill properly.
Because of our conclusion it is unnecessary to consider the conflicting evidence on the claim of the Defendants that the Plaintiff waived his claim for the extra work after the single bill was received by them.
However, it is our view that since the contract did not require the Plaintiff to furnish fill or gravel from outside the construction site, he should be compensated for his reasonable cost of obtaining and delivering the required gravel off site, which amounts to $3894.46 including sales tax.
Defendants' counter claim for material furnished for which the Plaintiff was responsible under the contract is sustained for the following items:
B L C for fill and trucking $ 1,816.72
Winsted Land Dev. for fill 129.60
 Blue Seal Feeds 84.42 --------- Total $2,030.74
We do not find that the interest rate in the contract of 1 1/2% per month is applicable in view of the tender of Defendants' check in the amount of $11,321 on May 31, 1989. Refusal to negotiate the check was not justified simply because it did not include a claimed service charge of $244.82. CT Page 6191
Judgment is rendered in favor of Plaintiff in the amount of $11,321 under the contract plus $3,894.46 for off-site gravel. Judgment is rendered in favor of the Defendants on their counterclaim in the amount of $2030.74. Prejudgment interest at the rate of ten per cent per annum is awarded to each party from June 1, 1989 to June 1, 1994.
Summary:
Due Plaintiff under Contract $ 11,321.00
 Due Plaintiff for extra work 3,894.46 ----------- $ 15,215.46
 Due Defendants under Counterclaim (2,030.74) ----------- Net due Plaintiff $ 13,184.72 Pre-judgment interest 6,592.36 ----------- Total due Plaintiff $ 19,777.08
In view of this decision, no costs are awarded to either party at this time but this shall be without prejudice.
Wagner, J.